# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DIANE GLENN and | ) | |
| RODNEY GLENN, Individually and as | ) | |
| Parents and Next Friends of | ) | |
| P.G.,[1] a minor, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1016-D |
| | ) | |
| RANDALL HAMILTON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Plaintiffs' Motion to Quash Notice of Medical Examination or for Protective Order [Doc. No. 25] and Plaintiffs' Motion for Expedited Hearing on Motion to Quash/For Protective Order and Corresponding Order to Shorten Defendant's Response Time [Doc. No. 26]. Defendant has filed a Response to Plaintiffs' Motion to Quash [Doc. No. 28].

This is a personal injury action alleging the minor Plaintiff was severely injured as a result of Defendant's negligent operation of a motor vehicle. Plaintiffs seeks to recover past and future damages for pain, suffering, mental anguish, disfigurement, loss of income, medical expenses and loss of quality and enjoyment of life. *See* Complaint [Doc. No. 1] at p. 2, ¶ 6.

---

[1] Pursuant to Fed. R. Civ. P. 5.2(a)(3) and ECF Policies & Procedures Manual, § II.H.1.a.i. the Court will identify the minor using only his initials to protect his privacy. Arguably, the minor has waived the protection of these rules by filing documents with the Court which reveal his full name. *See* Fed. R. Civ. P. 5.2(h); *see also* ECF Policies & Procedures Manual, § II.H.3. ("The responsibility for redacting personal data identifiers rests solely with counsel and the parties."). To the extent these filings have been made by mistake, Plaintiffs may seek relief from the Court by requesting the documents filed to date be removed from the ECF system by the Clerk and replaced by redacted documents submitted by the parties.

On May 20, 2014, Defendant sent a Notice of Medical Examination [Doc. No. 19-4] to Plaintiffs' counsel.[2] The Notice provides for the examination to take place on June 10, 2014 at 9:30 a.m. by Dr. Dennis Foster. In response, on May 22, 2014, Plaintiffs' counsel sent correspondence to Defendant's counsel stating their objection to the examination on the ground that Defendant's deadline to file his list of expert witnesses and provide his Rule 26 expert reports was May 19, 2014, and that deadline had passed. *See* Correspondence [Doc. No. 19-5]. The following day, on May 23, 2014, Defendant timely filed his final witness and exhibit list [Doc. No. 20] and identified Dr. Foster as a witness. Defendant also filed a Motion and Application to Extend Defendant's Deadline to File Final List of Expert Witnesses in Chief and Serve Expert Reports to Plaintiff [Doc. No. 19]. The time within which Plaintiffs must respond to the latter motion has not yet expired and the motion is not presently before the Court.

On May 30, 2014, Plaintiffs filed their pending motion to quash the notice of medical examination and/or for protective order. Consistent with the reasons stated in their correspondence to Defendant's counsel, Plaintiffs object to the examination by Dr. Foster as untimely pursuant to the Court's Scheduling Order on grounds Defendant did not identify Dr. Foster as an expert witness.

On June 3, 2014, Defendant filed an expedited response to Plaintiffs' motion to quash and/or for protective order. Defendant claims he has been prejudiced because he did not receive from Plaintiffs a signed consent form authorizing release of the minor Plaintiff's medical records until May 9, 2014, even though he requested that information in discovery to Plaintiffs served in January 2014. Defendant describes other efforts undertaken, and obstacles encountered, regarding his ability

---

[2]Plaintiffs did not attach any exhibits to their motion to quash but instead reference (and thereby incorporate) exhibits submitted by Defendant in support of his motion for an extension of the deadline for designation of expert witnesses and submission of expert reports [Doc. No. 19]. The Court, therefore, similarly references the exhibits cited by Plaintiffs and submitted by Defendant in that motion.

2

to obtain pertinent medical records. Defendant primarily relies on the same arguments made in support of his motion to extend the deadlines for submission of expert witnesses and expert reports. Defendant further notes that the examination by Dr. Foster, currently scheduled for June 10, 2014, is "well within the discovery deadline" and that he identified "his two medical experts" in his timely filed witness and exhibit list. *See* Defendant's Response [Doc. No. 28] at ¶¶ 11, 14.

## **Discussion**

In their respective filings before this Court, neither party has addressed the requirements of Rule 35 of the Federal Rules of Civil Procedure. Rule 35(a) provides that the Court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). However, the order "may be made *only on motion for good cause* and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(2)(A) (emphasis added). By its express terms, absent stipulation by the parties, Rule 35(a) requires the party seeking a medical examination to first obtain permission from the court. *Herrera v. Lufkin Industries, Inc.*, 474 F.3d 675, 689 (10th Cir. 2007).

Here, there is clearly no stipulation by counsel for the parties. Although Defendant's counsel noticed the medical examination, Plaintiffs' counsel clearly objected. And, Defendant has not formally moved for a Rule 35 order from this Court. Under these circumstances, the Court finds the Notice of Medical Examination should be stricken. If Defendant wishes to proceed with a medical examination of the minor Plaintiff, Defendant must make a request by filing a formal motion, pursuant to Fed. R. Civ. P. 35, and must proceed in an expeditious and timely fashion given the deadlines set forth in the Court's existing Scheduling Order.

IT IS THEREFORE ORDERED that Defendant's Notice of Medical Examination is STRICKEN. Plaintiffs' Motion to Quash Notice of Medical Examination or for Protective Order [Doc. No. 25] is DENIED as moot. It is further ordered that Plaintiffs' Motion for Expedited Hearing on Motion to Quash/For Protective Order and Corresponding Order to Shorten Defendant's Response Time [Doc. No. 26] is DENIED as moot.

IT IS SO ORDERED this 5th day of June, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE